# BILLS OF EXCHANGE AND PROMISSORY NOTES.

SAFFORD *v.* WYCKOFF, President of the Farmer's Bank of Seneca County, 4 Hill, 394.

In S. Ct. 1 Hill, 11.

*General Banking Law ; Bill of Exchange by Bank.*

ACTION against drawer and endorser of a bill of exchange as follows:

"Farmer's Bank of Seneca County,

At thirty days after date, pay to the order of Reuben D. Dodge three thousand dollars, and charge this institution.                    J. J. Fenton, Cashier.

Romulus, August 15, 1338.

To

    Walter Mead, Esq., Cashier N. Am. Trust and Banking Co., N. Y.

Endorsed—Pay to the order of Messrs K. and D. &c."

The objection was taken on the part of the Bank, at the trial, that it had no power to issue drafts on time or any other paper, except such as had been countersigned according to law. Objection overruled; exception, and verdict for plaintiff. On the motion for a new trial,

The Supreme Court held, that associations under the general banking law, have no authority to make bills of exchange, or to issue any negotiable paper, save under the sanction of the comptroller, and in the form prescribed by the statute; and that no action can be maintained against the bank or others who are parties to the paper so illegally issued, this appearing on its face. On error,

The Court of Errors held, that such a negotiable draft or bill in the ordinary form, would bind the bank in favor of a bona fide endorsee; and this, notwithstanding it be signed by the cashier only.

*Otherwise* it would seem, if it were issued by way of a *loan* or for the purpose of being put in circulation as *money*.

How far such association may, as incidental to their general powers by statute, issue negotiable paper not authorized by the comptroller, *e. g.*, for the payment of their debts, &c., was discussed and considered in this case, but not decided.

